■ ERNST BOYER, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITERS ASSOCIATION, Respondent. — Order, Supreme Court, New York County (Callahan, J.), dated February 19, 1982 granting defendant's motion for summary judgment and denying plaintiff's cross motion for summary judgment, is unanimously modified, on the law and in the exercise of discretion, to the extent that defendant's motion for summary judgment is denied, without prejudice to renewal after reasonable opportunity to plaintiff for further disclosure proceedings, and the order is otherwise affirmed, without costs. The action is on an alleged binder of a fire insurance policy and on an alleged fire insurance policy. The issue is whether defendant's coverage as a fire insurer had yet attached at the time of the fire. The fire allegedly occurred on July 18,

1980 at 1:50 A.M. Defendant contends that its coverage did not attach until noon of July 18, 1980. Plaintiff had executed an application for insurance in which he requested an effective binding date of July 16, 1980. The application stated that it was "not a binder of insurance." But on the back of the application under the heading "BINDER" appears a notation that the insurance coverage would be binding "commencing at noon standard time on the effective date shown at the upper right front side of this form." The handwritten date that appears at the upper right front side of the form under "Effective Date" is "7/18/80." If this controls, then coverage had not yet attached at the time of the fire. Defendant also says that it was created by enabling legislation (Insurance Law, § 651 *et seq.*) and functions pursuant to a plan of operation approved by the Superintendent of Insurance, and that under that plan of operation, the earliest time that coverage could possibly attach was noon of July 18, 1980. On the other hand, plaintiff says that the notation at the upper right front side was a unilateral notation and that he was not notified of this notation or of the contention that coverage did not apply to the fire for some months after the fire. Plaintiff points to certain equivocal circumstances which he says cast doubt on the authenticity of the notation of effective date. If indeed the notation was unilateral and the effective date was not disclosed to plaintiff for some months, we think this is a proper case for the application of CPLR 3212 (subd [f]), i.e., that where it appears "that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just." We think plaintiff should have a reasonable opportunity for disclosure proceedings before a motion for summary judgment is finally determined. We note that approximately two summer months intervened between the date of the answer and defendant's motion for summary judgment, and that plaintiff admits that during the pendency of the motion for summary judgment plaintiff did have an opportunity to conduct a preliminary discovery proceeding at the defendant's claims attorney's office. However, we think plaintiff is entitled to a further opportunity to ascertain the facts and procedures which led to the fixing of the effective date. But in view of the opportunity that plaintiff has already had, plaintiff should act very promptly in seeking such disclosure. Insofar as the order appealed from denies plaintiff's alternative request for leave to amend the complaint, that issue has not been discussed in the briefs, and the appeal as to that issue is deemed abandoned. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.