■ RENSCO FEDERAL CREDIT UNION, Appellant, v D. GEORGE HOOLEY et al., Defendants, and GEORGE A. DE CHAMP, Respondent.—Main, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 7, 1986 in Rensselaer County, which ordered a continuance of plaintiff's motion for summary judgment against defendant George A. De Champ.

Plaintiff instituted this action against, among others, defendant George A. De Champ to recover the unpaid balance of a note signed by De Champ as comaker and, after issue was joined, moved for summary judgment. De Champ opposed the motion on the ground that after he signed the note as comaker, plaintiff made another loan to the primary maker which consolidated the first loan and for which De Champ did not sign the note as comaker. He stated that he should be "entitled to determine the nature of the negotiations leading up to the subsequent loan" since, if the second loan consolidated the first loan, he would be relieved of his obligation as comaker. In response, plaintiff submitted its general manager's affidavit which stated that the second loan did not involve

a consolidation; however, the only documentation it submitted with regard to the second loan was the primary maker's second loan application. Supreme Court continued plaintiff's motion pending disclosure proceedings, and plaintiff appeals.

We find Supreme Court's disposition of plaintiff's motion to be entirely appropriate. Under CPLR 3212 (f), when it appears that facts supporting the position of the party opposing summary judgment exist but cannot be stated, the court may order a continuance to permit disclosure to be had. While we note that defendant did not institute any disclosure proceedings prior to plaintiff's motion, it is clear that a party should be permitted a reasonable opportunity for disclosure prior to the determination of a summary judgment motion (see, Boyer v New York Prop. Ins. Underwriters Assn., 90 AD2d 737, 738), and in this case less than two months elapsed between joinder of issue and the making of plaintiff's motion. We agree with Supreme Court that the record as it presently stands is inadequate for a proper determination of plaintiff's motion, and a continuance is thus appropriate.

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.