■ DOROTHY CUNNINGHAM, Respondent, v GENERAL ELECTRIC CREDIT CORPORATION, Appellant, et al., Defendant. — In an action to recover punitive and compensatory damages for the alleged conversion of certain quarry equipment, defendant General Electric Credit Corporation appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated November 17, 1982, as granted that branch of plaintiff's motion which sought summary judgment against it on the issue of liability and (2) from so much of an order of the same court, dated January 13, 1983, as upon reargument, adhered to so much of the original determination as granted plaintiff summary judgment against it on the issue of liability and thereupon severed plaintiff's action against it from her action against the other defendant. Appeal from the order dated November 17, 1982, dismissed, without costs or disbursements. Said order was superseded by the order dated January 13, 1983, made upon reargument. Order dated January 13, 1983 reversed insofar as appealed from, without costs or disbursements, and upon reargument, so much of the order dated November 17, 1982 as granted plaintiff's motion for summary judgment against appellant on the issue of liability is vacated and plaintiff's motion for summary judgment is denied in its entirety. Summary judgment is a drastic remedy not to be used if there is any doubt that a triable issue of fact exists (see *Andre v Pomeroy,* 35 NY2d 361; *Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169). The courts, when faced with a motion for summary judgment, must engage in issue finding rather than issue determination (see *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). In the case at bar, it is arguable that there is at least one genuine issue of fact, i.e., whether the agreement in question was intended to be a true lease or a security agreement under subdivision (37) of section 1-201 of the Uniform Commercial Code. Therefore, plaintiff's motion for summary judgment must be denied in its entirety. Damiani, J. P., Thompson, Bracken and Rubin, JJ., concur.