■ BONNI P. BERSHAW, as Administratrix of the Estates of BORIS SAMUELS et al., Deceased, Appellant, v MICHAEL ALTMAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered March 17, 1983 in Sullivan County, which denied plaintiff's motion for summary judgment. ¶ This is an action to recover damages for wrongful death due to defendant Joseph Altman's negligent operation of an automobile owned by defendant Michael Altman which allegedly went out of control, crossed into the opposite lane and collided with decedents' oncoming vehicle. Joseph Altman pleaded guilty to two counts of an indictment in which criminally negligent homicide was charged and was adjudicated a youthful offender. Based upon the plea, testimony at a Department of Motor Vehicles hearing and affidavits, plaintiff moved for summary judgment on the ground that no triable issue of fact as to liability existed. It is from the order denying that motion that this appeal ensued. ¶ Plaintiff urges that "defendant's conviction of criminal negligent homicide justifies conclusion of the civil action against him" and that such criminal action constitutes collateral estoppel on the same issues in the civil case. We disagree. With respect to the contention that fault has been conclusively established, we agree with Special Term's holding that triable issues of fact as to the speed and operation of defendant Joseph Altman's vehicle have been sufficiently raised to preclude summary judgment. In both the police accident report and in his opposing affidavit, defendant asserts malfunction of the steering mechanism as a cause of the accident. Unlike *State Bank v O'Connell* (99 AD2d 894), the papers in support of the motion do not, as plaintiff contends, establish defendant's liability as a matter of law. Neither affidavit is by an eyewitness or individual having personal knowledge of all the facts (*Zuckerman v City of New York,* 49 NY2d 557). The District Attorney's letter confirming the conviction upon a plea of guilty is ambiguous as to whether the plea was indeed to a charge of criminally negligent homicide or another charge in the indictment dehors this record.

¶ Summary judgment is a drastic remedy as it is the procedural equivalent of a trial (*Andre v Pomeroy*, 35 NY2d 361; *Cunningham v General Elec. Credit Corp.*, 96 AD2d 502). It should be denied if there is any significant doubt whether a material issue of fact exists (*Phillips v Kantor & Co.*, 31 NY2d 307, 310) or if there is even arguably such an issue (*Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57; *Baker's Serv. v Robinson*, 85 AD2d 811). Issue finding, not issue determination, is the key to determination of such a motion (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). We are instructed that the testimony of a nonmoving party must be accepted as true and the decision on such motion made on the version of the facts most favorable to that party (*Strychalski v Mekus*, 54 AD2d 1068, 1069). On this record, we are unable to say that no material issue of fact even arguably exists and that the denial of summary judgment was error (see *Falk v Goodman*, 7 NY2d 87, 91; *Moyer v Briggs*, 47 AD2d 64, 66-67). Defendant's assertions are sufficient to withstand summary judgment (*Dabney v Ayre*, 87 AD2d 957; see *Rotuba Extruders v Ceppos*, 46 NY2d 223). ¶ Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.