◼ ANNA R. McGILL et al., Appellants, v CALDORS, INC., Respondent, et al., Defendants. (And a Third-Party Action.)—

Weiss, J. Appeal from an order and judgment of the Supreme Court (Conway, J.), entered December 16, 1986 in Albany County, which granted defendant Caldors, Inc.'s motion for summary judgment dismissing the complaint and any counterclaims or cross claims against it.

Plaintiff Anna R. McGill (hereinafter plaintiff) fell in the parking lot of a shopping center owned by defendant Plaza at Latham Associates (hereinafter PLA). She sued defendant Caldors, Inc. (hereinafter Caldor), the store from which she exited, PLA and others to recover damages for her injuries. Her husband sued derivatively for loss of services. This appeal involves Caldor's motion for summary judgment dismissing plaintiffs' complaint and the cross claims or counterclaims by other defendants against Caldor. In granting the motion, Supreme Court held as a matter of fact and law that Caldor, which leased the premises in the shopping center from PLA, owed no duty to plaintiff and committed no negligent act or omission which caused or contributed to the accident.

In support of its motion, Caldor submitted portions of its written lease with PLA, which demonstrate that control over the parking lot remained exclusively with PLA and that PLA agreed to hold Caldor harmless from any claim for injury or loss occurring in the common areas "no matter how caused". By definition, the "common areas" included the parking lot, which PLA agreed to "keep in good repair and condition * * * suitably paved and marked". Caldor also submitted an affidavit from its former store manager stating that neither he nor any other employee was an eyewitness or had any firsthand knowledge concerning the cause or circumstances attendant the accident. The affidavit of Caldor's attorney included excerpts from plaintiff's deposition and photographs of the accident scene to confirm that the fall actually occurred in the parking lot area. In opposition, plaintiffs submitted only an affidavit by their attorney which in conclusory terms repeated some of the allegations of the complaint, urged that a question of fact existed and that summary judgment was premature because Caldor's employees had not been examined before trial.

To establish a prima facie case of negligence, plaintiffs were required to demonstrate (1) that Caldor owed plaintiff a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach (see, Boltax v Joy Day Camp, 67 NY2d 617; Solomon v City of New York, 66 NY2d 1026). An owner or tenant in possession of realty owes a duty of reasonable care to maintain the property in a safe

condition *(Basso v Miller,* 40 NY2d 233, 241; *Iannelli v Powers,* 114 AD2d 157, 161, *lv denied* 68 NY2d 604). The determinative question is one of possession or control. Here, Caldor's submissions in support of its motion for summary judgment show that Caldor was not in possession of the parking lot and did not otherwise have any right to maintain or control that area. In fact, the landlord specifically retained the obligation to maintain the parking areas in good condition. Upon this showing, plaintiffs were required to come forward with sufficient proof in evidentiary form to demonstrate that Caldor had, or was chargeable with, control of the parking lot where plaintiff fell, or that Caldor actually created the hazard. To this end, the affidavit of plaintiffs' attorney was patently insufficient and purely speculative *(see, Dunn v Cohoes Mem. Hosp.,* 112 AD2d 620; *Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). In effect, plaintiffs failed to establish that Caldor exercised any possessory or controlling interest in the parking area. Nor are we persuaded by plaintiffs' assertion that Caldor had a duty to warn of the hazardous condition simply by virtue of its customers' use of the parking area *(see,* Prosser and Keeton, Torts § 63, at 440-443 [5th ed]). Finally, plaintiffs' bald assertion that Caldor created the hazardous condition did not mandate a continuance for further disclosure (CPLR 3212 [f]; *cf., Rensco Fed. Credit Union v Hooley,* 132 AD2d 842). Accordingly, Supreme Court properly granted Caldor's motion for summary judgment.

Order and judgment affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.