■ WILLIAM T. KEYES et al., Appellants, v JAMES A. JENNINGS CO., INC., Respondent and Third-Party Plaintiff-Respondent. NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County (Wood, J.), entered December 18, 1987, which upon granting the defendant's motion to dismiss the complaint at the close of the evidence, is in favor of the defendant and against them, and (2) a judgment of the same court, entered December 30, 1987, which is in favor of the third-party defendant and against the defendant dismissing the third-party complaint.

Ordered that the judgment entered December 18, 1987 is reversed, on the law, and a new trial is granted to the plaintiffs against the defendant; and it is further,

Ordered that the appeal from the judgment dated December 30, 1987 is dismissed, as the plaintiffs are not aggrieved parties with respect to that judgment (CPLR 5511); and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendant.

The plaintiff William T. Keyes alleges that he slipped on construction debris in an interior staircase in a building owned by his employer, the third-party defendant. The defendant was performing construction work on the premises at the time and it is alleged that the debris was left on the staircase by its employees. At the close of the evidence, the court granted the defendant's motion to dismiss the complaint, finding, *inter alia,* that as a matter of law, the defendant had no duty to protect the plaintiff William T. Keyes from risk of harm on the stairway and, additionally, had no notice of the debris.

The central issue is whether the defendant's employees, acting within the scope of their employment, created a dangerous condition on the stairway *(see, Riviello v Waldron,* 47 NY2d 297). Under the circumstances of this case, this was an

issue of fact which should have been submitted to the jury *(see, Blum v Fresh Grown Preserve Corp.,* 292 NY 241). This is particularly so where, as here, the issue of the defendant's culpability turned on questions concerning the credibility of witnesses *(see, Lipsius v White,* 91 AD2d 271, 276). With respect to the question of notice, if indeed it is demonstrated that the defendant created a dangerous condition on the stairway, notice need not be established as an element of the plaintiffs' case *(see, Safran v Man-Dell Stores,* 106 AD2d 560).

Since there must be a new trial, we note that, under the facts at bar, a charge under Labor Law § 241 (6) would have been appropriate *(see, Reinitz v Arc Elec. Constr. Co.,* 104 AD2d 247). Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.