■ DANIEL P. HANER et al., Respondents, v LEONARD D. DE VITO, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Travers, J.), entered October 17, 1988 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

This action seeks monetary damages due to a fire which occurred in a multiple-unit commercial/residential building owned by defendant. Plaintiffs were tenants in the building and the personal property in their apartment was destroyed as a result of the fire. Plaintiffs' complaint alleged that the building was negligently wired and that the electrical wiring was therefore in a dangerous condition. Defendant answered and then moved for summary judgment to dismiss the complaint, claiming that the fire was not caused by faulty electrical wiring, did not originate in the electrical wiring system and, in any event, defendant had no notice of any electrical defects. Defendant's motion was denied and he has appealed.

We affirm. In so doing, we note that a motion for summary judgment should be denied if any significant doubt exists as to whether a material factual issue is present or even if it is arguable that such an issue exists *(Bershaw v Altman,* 100 AD2d 642, 643). Here, defendant submitted the affidavit of a

mechanical engineer who opined that the fire was neither caused by nor originated in any electrical system. However, in opposition, plaintiffs submitted the fire department's incident report and the police department's report of the fire. Both reports indicated that the fire originated in an electrical junction box and was caused by an electrical malfunction. Based on this evidence, there was a question of fact as to the cause of the fire and therefore the denial of summary judgment was proper.

Nor do we accept defendant's argument that the issue in this case was not the cause of the fire but rather whether the building was negligently wired. Defendant claims that there was no proof of negligent wiring and therefore he should have been awarded summary judgment. However, plaintiffs' complaint alleged negligent wiring and their opposition papers indicated that an electrical malfunction occurred. In our view, given that an electrical malfunction could have been due to negligent wiring, plaintiffs submitted sufficient proof on this issue to withstand summary judgment. In reaching this conclusion, we note that the assertions of a nonmoving party are to be taken as true and a summary judgment motion is to be decided on the facts most favorable to that party *(Bershaw v Altman, supra,* at 643).

We also reject defendant's contention that plaintiffs did not submit sufficient proof that defendant had constructive or actual notice of a defect to defeat his motion for summary judgment. Defendant bases this assertion on his statement in the affidavit supporting the motion that he received no complaints about the electrical system and that he knew of no defects. However, a landlord is liable for injuries caused by faulty conditions if he retains control over the area of the premises where the injuries occurred *(see, Worth Distribs. v Latham,* 59 NY2d 231, 238). Additionally, proof of such control can be shown by a landlord's course of conduct that establishes that he undertook the responsibility of maintaining the area at issue *(Ritto v Goldberg,* 27 NY2d 887, 889). Here, in a deposition, defendant admitted that he retained control over the premises including the area where the electrical junction box was located. He also admitted that he was responsible for maintaining and repairing the building. Therefore, questions of fact existed as to whether defendant retained sufficient control over the premises so as to provide him with at least constructive notice of any possible defect and thus be liable *(see, Worth Distribs. v Latham, supra,* at 238). A question of fact was also raised as to whether a

reasonable person with such control would have inspected the junction box to discover any defects *(see, Andre v Pomeroy,* 35 NY2d 361, 365).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.