■ Sidney Edwards et al., Plaintiffs, v Getty Petroleum Corp. et al., Appellants, and Rigaglia Bros. et al., Respondents.—In an action to recover damages for personal injuries, etc., the defendants Getty Petroleum Corp. and Leemilt's Petroleum, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 15, 1990, as denied the motion of Getty Petroleum Corp. for summary judgment in its favor on its cross claim for indemnification.

Ordered that the appeal by Leemilt's Petroleum, Inc., is

dismissed, as it is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by Getty Petroleum Corp.; and it is further,

Ordered that the defendants-respondents are awarded one bill of costs.

The plaintiff Sidney Edwards was injured when he tripped and fell over a crack in the pavement while filling the gas tank of his car at a service station owned by the appellant Getty Petroleum Corp. (hereinafter Getty) and leased to the respondent Rigaglia Bros. In this ensuing negligence action, Getty claims that it is entitled to summary judgment based upon an indemnification and hold harmless clause of the parties' lease. We disagree.

In the lease, Getty reserved the right to re-enter the premises to inspect and repair it, presumably to fulfill its obligations under the lease to make all structural repairs and to keep the building in operating condition. Such a reservation may be deemed to be a sufficient retention of control which, with constructive notice of the complained of condition, could subject the lessor to liability (see, Worth Distribs. v Latham, 59 NY2d 231; Sharaby v Gamel, 140 AD2d 319; Pellegrino v Walker Theatre, 127 AD2d 574).

It is not clear from this record whether Getty or Rigaglia Bros. or both parties, were responsible for repairing the crack in the pavement which allegedly caused the plaintiff to fall. If it was Getty's responsibility, General Obligations Law § 5-321, which prohibits a lessor from exempting itself from liability for its own acts of negligence, would prohibit Getty from invoking the clause to escape liability for any negligence in failing to make the necessary repairs. In light of this triable issue of fact, Getty was not entitled to judgment as a matter of law. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.