Lee Hoberman et al., Respondents, v Kids "R" Us, Inc., Appellant, American Continental Properties of New Jersey, Respondent, and Rockland Center Associates, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.)

First Department, February 4, 1993

## APPEARANCES OF COUNSEL

*David H. Perecman* of counsel, New York City *(Alan Gerson* with him on the brief; *Perecman & Dersovitz, P. C.,* attorneys), for respondents.

*Steven R. Lau* of counsel, White Plains *(Cerussi & Spring,* attorneys), for appellant.

*Carol L. Schlitt* of counsel, New York City *(Acito & Klein, P. C.,* attorneys), for appellant-respondent.

## OPINION OF THE COURT

MILONAS, J. P.

Plaintiff Lee Hoberman allegedly sustained personal injuries on the night of November 9, 1985 when, during a shopping excursion with his wife, plaintiff Sandra Hoberman, he tripped and fell over a dolly that was located on the sidewalk in front of defendant's Kids "R" Us store in the Rockland Center Shopping Mall. At his deposition he described the dolly in detail but did not recall seeing any identifying markings on it. Both plaintiffs testified that they did not notice the dolly until Lee Hoberman stumbled over it, and, at the time of the accident, they did not observe any similar dollies in front of the doorway to Kids "R" Us, inside the store or anywhere else in the shopping center. According to Pamela Huestis, the assistant manager and senior person on duty when the incident occurred, Kids "R" Us not only did not own or use the type of dolly involved in the accident but did not employ any dollies in its business activities, and, further, she never saw a dolly in front of the store prior to plaintiff's mishap. The property manager of the mall also denied seeing a dolly of the sort encountered by plaintiff outside of Kids "R" Us, and he did not recall making any complaints to the store about the presence of any dollies.

At the relevant time herein, defendant store, as tenant, and

Rockland Center Associates, as landlord, were signatories to a lease agreement, pursuant to which the sidewalks were defined as part of the "common area" of the shopping center. Article 18 set forth the rights and obligations of the parties with respect to the common area as follows:

"B. Landlord shall maintain the Common Area throughout the Lease Term in good order, repair and condition in accordance with good shopping center practice, which for the purposes hereof shall be deemed to include (i) maintaining and keeping in good repair the parking areas, driveways, sidewalks, curbs * * * and (iii) keeping the Common Area safe, clean and reasonably free from accumulated snow, ice, water and refuse * * *

"C. Landlord shall operate the Common Area and shall light the parking area during such hours after sundown as Tenant's Store is open for business and one-half hour thereafter * * *

"D. The parking areas, sidewalks, aisles, streets, and driveways of the Shopping Center shall not be fenced or otherwise obstructed and shall be kept open at all times for the unrestricted use of Shopping Center patrons".

Under the management agreement between Rockland Center Associates and American Continental Properties of New Jersey, both additional defendants in this action, the latter was responsible for the management, operation and maintenance of the mall property, and, to that end, it was authorized to enter into service and repair contracts. In that connection, American Continental retained Jim Jacobs to keep the sidewalks free from debris and obstruction, and another contractor was engaged for snow removal and repairs. It should also be noted that in its lease agreement with Kids "R" Us, Rockland Center Associates was required to purchase a comprehensive public liability policy naming itself and the store as insured. However, during the course of the instant litigation, Kids "R" Us learned that no such policy was procured.

This action was commenced in September of 1987 and contains a claim for damages for injuries purportedly sustained by Lee Hoberman and another for the loss of consortium by his wife. Defendants Kids "R" Us, Rockland Center Associates and American Continental Properties not only denied plaintiffs' allegations but asserted the affirmative defenses of comparative negligence, as well as cross claims against each other for contribution and indemnification. Plain-

tiffs' bill of particulars urged that defendants negligently caused and permitted obstructions to remain on the sidewalk, creating a dangerous condition and failing to remedy and prevent it. The situation was claimed to exist "for a sufficient period of time so as to charge the defendants with liability as a matter of fact and law", and defendants supposedly had both actual and constructive notice. Rockland Center Associates subsequently moved for summary judgment dismissing the complaint, and Kids "R" Us submitted a cross motion for similar relief and also requested summary judgment on its cross claims against Rockland Center Associates for indemnification and breach of contract for failing to obtain a liability policy naming Kids "R" Us as insured. In denying the respective motion and cross motion, the Supreme Court concluded that there were questions of fact concerning ownership of the dolly and whether any or all of the defendants had a duty to remove it from the sidewalk. The court did not rule upon the cross claims by Kids "R" Us against Rockland Center Associates. Rockland Center Associates and Kids "R" Us both moved for reargument, and, while the court granted reargument, it adhered to its prior determination.

The lease agreement between Rockland Center Associates and Kids "R" Us designated the sidewalk where the accident took place as part of the common area that Rockland was obligated to maintain. As this Court stated in *Cherubini v Testa* (130 AD2d 380, 382), "[w]hen a landlord retains control over a portion of the premises, he or she is liable for injuries resulting from the faulty condition of those premises" *(see also, Worth Distribs. v Latham,* 59 NY2d 231, 238). Kids "R" Us had no right of control of the sidewalk under the lease, and *Chadis v Grand Union Co.* (158 AD2d 443), relied upon plaintiffs, is inapplicable since the accident involved therein, unlike in the present situation, occurred on part of the demised premises. Moreover, there is no showing whatever that Kids "R" Us engaged in a course of conduct indicating that it exercised any control over the sidewalk *(see, Farrar v Teicholz,* 173 AD2d 674, 677), and, indeed, Rockland Center Associates retained a managing company for the specific purpose of operating and maintaining the mall property. In *McGill v Caldors, Inc.* (135 AD2d 1041, 1042-1043), the Court observed that: "An owner or tenant in possession of realty owes a duty of reasonable care to maintain the property in a safe condition *(Basso v Miller,* 40 NY2d 233, 241; *Iannelli v Powers,* 114 AD2d 157, 161, *lv denied* 68 NY2d 604). The determinative

question is one of possession or control. Here, Caldor's [defendant's] submissions in support of its motion for summary judgment show that Caldor was not in possession of the parking lot and did not otherwise have any right to maintain or control that area. In fact, the landlord specifically retained the obligation to maintain the parking areas in good condition. Upon this showing, plaintiffs were required to come forward with sufficient proof in evidentiary form to demonstrate that Caldor had, or was chargeable with, control of the parking lot where plaintiff fell, or that Caldor actually created the hazard. To this end, the affidavit of plaintiffs' attorney was patently insufficient and purely speculative."

The facts here are clearly similar. Plaintiffs have not presented any evidence to demonstrate that, in the absence of any right or exercise of control over the sidewalk, Kids "R" Us actually created the hazard. There was no proof that the dolly either belonged to Kids "R" Us, there being no identifying markings on it, was used by it in the course of its business or had been left there by the store. Moreover, plaintiffs have not demonstrated that either Kids "R" Us or the property manager of Rockland Center Associates had any actual or constructive notice that the dolly was on the sidewalk *(see, Giambrone v New York Yankees,* 181 AD2d 547). Plaintiffs have not submitted any evidence to contradict the deposition testimony by both the assistant manager of Kids "R" Us and the property manager of the mall that they had no knowledge before the accident that the dolly was on the sidewalk.

As for constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Plaintiffs both asserted that they did not notice the dolly until Lee Hoberman tripped over it. There is no proof that it had been seen by anyone else. Since plaintiffs arrived at the shopping center around 7:30 P.M., and Lee Hoberman had his mishap some time between 7:45 and 8:00 P.M., and it cannot be determined when the dolly was first placed on the sidewalk in front of the Kids "R" Us store *(see, Garcia v New York City Hous. Auth.,* 183 AD2d 619), plaintiffs have simply not shown that the hazardous condition was present for a sufficient length of time to provide constructive notice. Plaintiffs' statement to the contrary amounts to no more than speculation.

Dismissal of the complaint is appropriate as to Rockland

Center Associates, as well as Kids "R" Us, on the ground of lack of notice. Significantly, plaintiffs' opposition to the respective motions for summary judgment is based simply on the affirmation of their counsel, who is without personal knowledge. Finally, Kids "R" Us is entitled to indemnification from Rockland Center Associates. There is absolutely no evidence that the store was a tortfeasor, and, under the indemnification clause of the contract between them, the costs of defending this action are part of Rockland's obligations. In view of the fact that Kids "R" Us may recover its defense costs under the indemnification clause of the agreement, any damages that the store might be able to obtain for breach of contract by Rockland to purchase a liability insurance policy would merely be duplicative.

Therefore, the order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 10, 1992, which granted the motion and cross motion for reargument by defendants Rockland Center Associates and Kids "R" Us, Inc. and, upon reargument, adhered to its prior determination, should be reversed on the law and, upon reargument, the motion by Rockland Center Associates for summary judgment dismissing the complaint should be granted and the cross motion by Kids "R" Us, Inc. for summary judgment dismissing the complaint and on its cross claim against Rockland Center Associates for indemnification should be granted as to summary judgment dismissal and granted as to the claim for indemnification only to the extent of remanding the matter for a determination of reasonable attorneys' fees under the indemnification clause of the lease agreement, without costs and disbursements.

Appeal from the order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about November 15, 1991, is dismissed as superseded by the appeal from the order of January 10, 1992.

Ross and RUBIN, JJ., concur with MILONAS, J. P.; KUPFERMAN, J., dissents and would affirm for the reasons stated by FINGERHOOD, J.

Order of the Supreme Court, New York County, entered on or about January 10, 1992, which granted the motion and cross motion for reargument by defendants Rockland Center Associates and Kids "R" Us, Inc. and, upon reargument, adhered to its prior determination, is reversed on the law and, upon reargument, the motion by Rockland Center Associates

for summary judgment dismissing the complaint is granted and the cross motion by Kids "R" Us, Inc. for summary judgment dismissing the complaint and on its cross claim against Rockland Center Associates for indemnification is granted as to summary judgment dismissal and granted as to the claim for indemnification only to the extent of remanding the matter for a determination of reasonable attorneys' fees under the indemnification clause of the lease agreement, without costs and disbursements. Appeal from the order of the Supreme Court, New York County, entered on or about November 15, 1991, is dismissed as superseded by the appeal from the order of January 10, 1992.