■ BEULAH GAITHER, Respondent, v SAGA CORPORATION, Appellant. (And a Third-Party Action.) [609 NYS2d 654] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), dated January 22, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the determination of the Supreme Court that the evidence in the record, including Beulah Gaither's affidavit and the EBT testimony of Ms. Gaither and of the defendant's representative, sufficed to raise a triable issue of fact as to whether the defendant was responsible for the creation of the alleged greasy condition upon which Ms. Gaither slipped and fell (see, e.g., Hantz v Fishman, 155 AD2d 415). The defendant contends that Ms. Gaither fabricated an issue of fact in response to its motion for summary judgment. However, this contention lacks support in the record and, in any event, would at most raise an issue of credibility which may not properly be resolved on a motion for summary judgment (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338; Mickelson v Babcock, 190 AD2d 1037; Fried v Bolanos, 187 AD2d 108; Montante v City of Rochester, 187 AD2d 924). Similarly, the defendant's arguments that it lacked actual or constructive notice of the condition and that it had no duty to maintain the area where Ms. Gaither fell are inapposite where, as here, liability is premised on the theory that the defendant created the dangerous condition (see, Keyes v Jennings Co., 150 AD2d 758; Huth v Allied Maintenance Corp., 143 AD2d 634; Saia v Misrahi, 129 AD2d 621). Accordingly, the motion for summary judgment was properly denied. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.