■ ANNA ROSATO et al., Respondents, v FOODTOWN et al., Appellants, and MELVIN KAPLAN et al., Respondents. [617 NYS2d 531] —In a negligence action to recover damages for personal injuries, etc., the defendants Foodtown, Big Mel of North Woodmere, Inc., and Melmarkets, Inc., appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated March 23, 1993, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against them.

Ordered that the order is reversed, on the law, the motion is granted and the complaint is dismissed insofar as it is asserted against the defendants Foodtown, Big Mel of North Woodmere, Inc., and Melmarkets, Inc., and the cross claims against those defendants are also dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the defendants-respondents.

It is well settled that liability for injuries sustained by a shopping center patron due to defects in the surface of the shopping center's parking lot attaches to parties in possession or in control of the parking lot *(see, Farrar v Teicholz,* 173 AD2d 674). In this case, the appellants are the operators of a supermarket that is located in a shopping center that is owned by the defendant landlords. The appellants established as a matter of law that they did not own, occupy, possess, or put to a special use, the parking lot where the plaintiff Anna Rosato was injured. Thus, they owed her no duty of care to maintain the parking lot, and they of may not be held liable for permitting the existence of the alleged defective condition in the parking lot *(see, Feinman v Cantone,* 192 AD2d 577; *Zadarosni v F.&W. Restauranteurs,* 192 AD2d 1051; *Smith v*

*Fishkill Health-Related Ctr.,* 184 AD2d 963; *Dunn v Reardon,* 184 AD2d 1064; *Turrisi v Ponderosa, Inc.,* 179 AD2d 956; *Shire v Ferdinando,* 161 AD2d 573; *McGill v Caldors, Inc.,* 135 AD2d 1041). Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.