(December 5, 1994)

■ DEBORAH J. ABDUL-AZIM et al., Respondents, v RDC COM-MERCIAL CENTER, INC., Defendant, and SUPERMARKETS GEN-ERAL CORP., Doing Business as PATHMARK INCORPORATED, Appellant. [620 NYS2d 70] —In an action to recover damages for personal injuries, etc., the defendant Supermarkets General Corp. appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 11, 1993, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Supermarkets General Corp. is granted, the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendant is severed.

On May 7, 1991, the plaintiff Deborah Joyce Abdul-Azim slipped and fell on debris on exterior steps within a shopping center near the entrance of a Pathmark supermarket. The plaintiffs commenced this action against the owner of the shopping center and Supermarkets General Corp., the owner of the Pathmark. Supermarkets General Corp. (hereinafter Supermarkets General) moved for summary judgment arguing that it did not owe the injured plaintiff a duty to maintain the steps as it did not own or control them, and that there was no evidence that it had created the condition which caused the injured plaintiff to fall.

To establish a prima facie case of negligence, the injured plaintiff was required to demonstrate (1) that Supermarkets General owed her a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach. An owner or tenant in possession of realty owes a duty of reasonable care to maintain the property in a reasonably safe condition. The determinative issue is one of possession and control (see, Hoberman v Kids "R" Us, 187 AD2d 187; Huth v Allied Maintenance Corp., 143 AD2d 634; McGill v Caldors, Inc., 135 AD2d 1041).

The submissions of Supermarkets General in support of its motion for summary judgment demonstrated that it was not in possession of the steps and did not otherwise have any duty to maintain or control those steps. Nor did the plaintiffs submit evidence raising an issue of fact that Supermarkets General created the condition which caused the injured plaintiff's accident (see, Hoberman v Kids "R" Us, supra; Huth v Allied Maintenance Corp., supra; McGill v Caldors, Inc., supra;

see also, Gordon v American Museum of Natural History, 67 NY2d 836). Therefore, the motion of Supermarkets General for summary judgment dismissing the complaint insofar as it is asserted against it should have been granted. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.