■ SONDRA L. MILLMAN et al., Respondents, v CITIBANK, N.A., Appellant, et al., Defendants. [627 NYS2d 451] —In an action to recover damages for personal injuries, etc., the defendant Citibank, N.A., appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered March 10, 1994, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Citibank, N.A., is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

On the evening of January 10, 1990, the plaintiff Sondra L. Millman was injured when she tripped over a pothole in the parking area of a shopping center in Levittown. The accident allegedly took place in the portion of the parking lot located in front of 2940 Hempstead Turnpike, which is leased by the defendant Citibank, N.A. (hereinafter Citibank). Under the terms of Citibank's lease to the premises, the parking lot where the accident took place was designated a "common area", and the landlord was required, at its sole cost and expense, to make all necessary repairs to the common area. The lease also specifically obligated the landlord to "maintain and repair the parking area".

On appeal, Citibank contends that the Supreme Court erred in denying its motion for summary judgment because it owed the injured plaintiff no duty to repair or maintain the parking lot. We agree. As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property (see, Warren v Wilmorite, Inc., 211 AD2d 904; Rosato v Foodtown, 208 AD2d 705; Farrar v Teicholz, 173 AD2d 674). Here, however, Citibank's evidentiary submissions demonstrated that it had no exclusive right to possession of the parking lot, which it was merely permitted to use in common with its landlord and other tenants, and that it had no obligation or right to perform repairs to the parking lot. Moreover, the plaintiffs have not alleged that Citibank created the condition which caused the injured plaintiff's accident, or that Citibank made special use of the parking lot. Under these circumstances, Citibank owed the injured plaintiff no duty of care to maintain or repair the parking lot, and may not be held liable for permitting the existence of a dangerous condition (see, Warren v Wilmorite, Inc., supra; Abdul-Azim v RDC Commercial Ctr., 210 AD2d 191; Rosato v Foodtown, supra; Turrisi v Ponderosa, Inc., 179 AD2d 956; McGill v Caldors, Inc., 135 AD2d 1041). Accordingly, Citibank's motion for sum-

mary judgment is granted. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.