■ DANIEL J. SULLIVAN et al., Appellants, v SPECIALTY GLASS CORPORATION, Defendant, and SID'S LUMBER AND HOME IMPROVEMENT COMPANY, INC., Respondent. [646 NYS2d 36] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated June 20, 1995, which granted the motion of the defendant Sid's Hardware and Home Center Corporation (sued herein as Sid's Lumber and Home Improvement Company, Inc.) for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Daniel J. Sullivan was injured while descending an outdoor staircase on a building owned by the defendant Specialty Glass Corporation and leased, in part, by the defendant Sid's Hardware and Home Center Corporation (hereinafter Sid's Hardware). The Supreme Court granted the motion of Sid's Hardware for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

An owner or tenant in possession of real property owes a duty of reasonable care to maintain the property in a safe condition (see, Basso v Miller, 40 NY2d 233, 241). The determinative question is one of possession or control (see, McGill v Caldors, Inc., 135 AD2d 1041). Here, in support of its motion for summary judgment, the tenant Sid's Hardware demonstrated that the store could not be reached by use of the staircase and that neither the owner nor the employees of the store used the staircase. In addition, in the parties' lease, the landlord specifically retained the obligation to maintain in good condition the external portions of the building, including the staircase (see, Garcia v Arbern Realty Co., 89 AD2d 616). In opposition to the motion, the plaintiffs failed to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the motion for summary judgment was properly granted.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.