■ DOREEN GILLARDI et al., Appellants, v INCORPORATED VILLAGE OF NYACK et al., Defendants, and SENIOR CENTER OF NYACK, INC., Respondent. [668 NYS2d 679] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County

(Sherwood, J.) dated January 15, 1997, which granted the motion of the defendant Senior Center of Nyack, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Doreen Gillardi was injured when she slipped and fell on the public walkway of the front entrance of premises leased by the defendant Nyack Senior Center (hereinafter the Senior Center). The plaintiffs alleged that an accumulation of snow and ice on the walkway was the cause of the fall. Under the terms of the Senior Center's lease, the owner of the premises, the defendant Village of Nyack Housing Authority, was required to remove the snow from the walkways. Under such circumstances, we agree with the Supreme Court that the Senior Center owed no duty of care to the plaintiff, and thus, summary judgment was properly awarded dismissing the complaint insofar as asserted against it (*Millman v Citibank*, 216 AD2d 278). Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.