■ ELIZABETH ARDREY, Appellant, v ORANGE COUNTY AGRICULTURAL SOCIETY, Defendant and Third-Party Plaintiff-Appellant. GLENN A. DONNELLY, Doing Business as DRIVERS' INDEPENDENT RACE TRACKS OF NEW YORK, et al., Third-Party Defendants-Respondents. [669 NYS2d 914] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff Orange County Agricultural Society appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 15, 1997, which granted that branch of the cross motion of the third-party defendants Glenn A. Donnelly, d/b/a Drivers' Independent Race Tracks of New York, and D.I.R.T., Inc., which was for summary judgment dismissing the third-party complaint, and denied its motion for summary judgment on the third-party complaint, and (2) the plaintiff separately appeals from so much of the same order as granted that branch of the cross motion which was for summary judgment dismissing the third-party complaint.

Ordered that the appeal by the plaintiff is dismissed on the ground that she is not aggrieved by the portion of the order from which she appeals (*see,* CPLR 5511); and it is further,

Ordered that the order is modified by adding thereto a provision that, upon searching the record, the branch of the motion of the third-party defendants which was for summary judgment dismissing the amended verified complaint insofar as asserted against them is granted; as so modified, the order is affirmed; and it is further,

Ordered that the third-party defendants are awarded one bill of costs.

As evidenced by their lease with the defendant third-party plaintiff Orange County Agricultural Society, the third-party defendants Glenn A. Donnelly, d/b/a Drivers' Independent Race Tracks of New York, and D.I.R.T., Inc., did not maintain, possess, or control the area of the premises where the plaintiff's accident occurred. Under these circumstances, the Supreme Court properly concluded that the third-party defendants owed no duty to the injured plaintiff and dismissed the third-party complaint (*see, Millman v Citibank,* 216 AD2d 278; *Warren v*

*Wilmorite, Inc.,* 211 AD2d 904; *Rosato v Foodtown,* 208 AD2d 705). In light of our determination that the third-party defendants owed no duty to the plaintiff, the amended verified complaint must also be dismissed insofar as asserted against them. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.