■ ROSALIE WELWOOD et al., Appellants, v ASSOCIATION FOR CHILDREN WITH DOWN SYNDROME, INC., Defendant and Third-Party Plaintiff-Respondent. NORTH BELLMORE UNION FREE SCHOOL DISTRICT, Third-Party Defendant-Respondent. [670 NYS2d 556] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated February 3, 1997, as granted the motion by

the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the third-party defendant-respondent, North Bellmore Union Free School District.

The injured plaintiff was employed as a matron on a bus which transported children to the defendant third-party plaintiff's school. On October 28, 1991, the injured plaintiff stepped off her bus in the parking lot adjacent to the school building and then slipped and fell on wet leaves and tree branches. At the time of the accident, the defendant third-party plaintiff leased a portion of the school building, and had the right to use designated spaces in the parking lot. However, under the terms of the defendant third-party plaintiff's lease agreement, the landlord retained "exclusive control and management" of the parking lot.

Contrary to the plaintiffs' contention, the Supreme Court properly awarded summary judgment to the defendant third-party plaintiff. As a general rule, liability for a dangerous condition on real property must be "predicated upon owner-ship, occupancy, control, or special use of the property" (*Millman v Citibank,* 216 AD2d 278; *see, Masterson v Knox,* 233 AD2d 549). "The determinative question is one of posses-sion or control" (*Sullivan v Specialty Glass Corp.,* 229 AD2d 572; *McGill v Caldors, Inc.,* 135 AD2d 1041). Here, the eviden-tiary submissions by the defendant third-party plaintiff dem-onstrated that it did not have an exclusive right to possession of the parking lot, and that it had no right or obligation to maintain this area. Moreover, there is no evidence that the de-fendant third-party plaintiff created the condition which caused the injured plaintiff's accident. Since the defendant third-party plaintiff owed the injured plaintiff no duty of care to maintain the parking lot, it cannot be held liable for permitting the exis-tence of a dangerous condition (*see, Masterson v Knox, supra; Millman v Citibank, supra; Hoberman v Kids "R" Us,* 187 AD2d 187; *McGill v Caldors, Inc., supra).* Furthermore, the defen-dant third-party plaintiff did not voluntarily assume a duty of care to safeguard the injured plaintiff from dangerous condi-tions in the parking lot by issuing general instructions concern-ing where the buses should park while waiting to pick up chil-dren in the afternoon (*cf., Parvi v City of Kingston,* 41 NY2d 553; *Gordon v Muchnick,* 180 AD2d 715). Joy, J. P., Krausman, Florio and Luciano, JJ., concur.