■ JOHN CATSIMATIDIS et al., Respondents, v C-TOWN et al., Appellants. [689 NYS2d 205] —In an action for indemnification, the defendants appeal from an order of the Supreme Court, Kings County (Gerges, J.), dated August 10, 1998, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend the complaint to assert a cause of action for contribution.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied as academic.

Elnora Cox was injured when she tripped over a broken "parking bumper" in the parking lot of a shopping center owned by the plaintiff John Catsimatidis. In a related action entitled *Cox v Catsimatidis,* in the Supreme Court, Kings County (Index No. 12592/93), Cox recovered a judgment against Catsimatidis. In this action, Catsimatidis and the managing agent of the shopping center seek to recover the amount of the judgment from the defendants, the lessees of a supermarket in the shopping center. Upon the defendants' motion for summary judgment dismissing the complaint, the plaintiffs failed to controvert the defendants' proof that the parking lot was not part of the premises leased by the defendants, that the defendants never installed the "parking bumpers", and that the defendants

were not responsible for maintaining the "parking bumpers". Moreover, the duty to illuminate the parking lot fell on Catsimatidis, as the party in control, and the defendants' duty to illuminate, at most, extended to the area between their store entrance and the parking lot, known as the "walkway". Accordingly, the defendants were entitled to summary judgment dismissing the complaint, as the plaintiffs were not entitled to indemnification or contribution (see, Gonzalez v Pathmark Stores, 251 AD2d 627; Rosato v Foodtown, 208 AD2d 705; Krinick v Sharac Rest., 144 AD2d 440; Ankenbrand v City of New York, 133 AD2d 798). Similarly, the plaintiffs' cross motion for leave to amend the complaint to assert a cause of action for contribution should have been denied because, as noted, the plaintiffs are not entitled to contribution from the defendants (see, Staines v Nassau Queens Med. Group, 176 AD2d 718). Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.