■ GLORIA DISCINI et al., Appellants, v RICHGOLD ASSOCIATES, L.P., et al., Respondents. [707 NYS2d 363] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated February 23, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

An out-of-possession landlord is not liable for injuries that occur on the leased premises unless it has retained control or is contractually obligated to repair or maintain the leased premises (*see, Welwood v Association for Children With Down Syndrome,* 248 AD2d 707; *see also, Turrisi v Ponderosa, Inc.,* 179 AD2d 956). Here, the defendant Richgold Associates, L.P., demonstrated its entitlement to judgment as a matter of law by establishing that it is an out-of-possession landlord with no control over or duty to maintain the parking area where the accident allegedly occurred (*see, Canela v Foodway Supermarket,* 188 AD2d 416). Similarly, the defendant Inserra Supermarkets, Inc., established that it had no control over or duty to maintain the parking lot (*see, Rosato v Foodtown,* 208 AD2d 705). Under these circumstances, neither defendant may be held liable for injuries resulting from the alleged defective condition in the parking lot. Accordingly, the motions for summary judgment were properly granted. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.