■ MICHAEL ZILBERMAN et al., Respondents, v CAESAR'S BAY BAZAAR LIMITED PARTNERSHIP et al., Appellants, and SALTRU ASSOCIATES, Respondent, et al., Defendants. (And a Third-Party Action.) [807 NYS2d 110]—

In an action to recover damages for personal injuries, etc., the defendants Caesar's Bay Bazaar Limited Partnership and Toys "R" Us-NY, LLC, appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated July 30, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, for summary judgment on their cross claims against the defendant Saltru Associates.

Ordered that the order is affirmed, with costs to the plaintiffs.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The appellants succeeded in making a prima facie showing of entitlement to judg-

ment as a matter of law by submitting deposition testimony and copies of lease provisions indicating that they did not have a duty to maintain the parking area where the injured plaintiff fell (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The burden then shifted to the plaintiffs to establish a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiffs sustained this burden by raising triable issues of fact regarding the degree of control and authority exercised over the subject property by the appellants, and the extent to which the appellants' personnel undertook the duty to remove snow and ice from the subject parking area (*see generally Armbruster v In the Woods Assn.*, 249 AD2d 980 [1998]; *Abdul-Azim v RDC Commercial Ctr.*, 210 AD2d 191 [1994]; *Hoberman v Kids "R" Us*, 187 AD2d 187 [1993]).

Similarly, that branch of the appellants' motion which was for summary judgment on their cross claims against the defendant Saltru Associates was properly denied, since triable issues of fact exist with regard to the defendants' respective obligations to maintain the subject parking area and their responsibility for the icy condition that caused the injured plaintiff's fall. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.