OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, third-party defendant’s motion for summary judgment denied, summary judgment granted in favor of third-party plaintiff against third-party defendant, and the case remitted to Supreme Court for a determination of the amount to be awarded in interest.
In 1972, Our Lady of Peace Roman Catholic Church leased to the City of New York its basement and 5,500 feet of outdoor play area for use by the city as a day care center. An indemnification provision in the lease reads as follows: “The Tenant agrees to save the Landlord harmless against all claims for injuries sustained by the Tenant’s employees and invitees connected with its use and occupancy of the premises. Tenant’s obligation in this respect shall apply to any acts of vandalism or malicious mischief causing physical damage to the structures and Tenant shall repair all such damages at its own cost and expense.”
In 1974, a teacher at the day care center was injured when she tripped and fell on broken pavement in the church parking lot. This portion of the church property had not been specifically leased to the city and it is conceded that the accident arose out of the church’s negligence. The church settled an action brought against it by the teacher and now, in its third-party claim against the city, maintains that it is entitled to indemnification from the city.
We believe that the language in the clause requiring the city to indemnify the church for “all claims for injuries sustained by the Tenant’s employees and invitees con *1001 nected with its use and occupancy of the premises” compels the conclusion that the city assumed an obligation to indemnify the church in this instance. We cannot agree with Supreme Court’s determination that the indemnification clause was intended to protect the church only from liability due to vandalism and malicious mischief; the second sentence of the provision does not limit the first; rather it imposes an additional obligation. Summary judgment was therefore improperly granted to the city and, since no factual issues exist concerning the scope of the indemnification agreement, summary judgment should be granted to the third-party plaintiff.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, third-party defendant’s motion for summary judgment denied, summary judgment granted in favor of third-party plaintiff against third-party defendant, and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the memorandum herein.