OPINION OF THE COURT
Vincent E. Doyle, J.
Motion by Bison Ford Truck Sales (Bison) for an order pursuant to CPLR 3212 directing summary judgment on the ground that the lease between defendant Austin Power Company (Austin) and defendant Bison require defendant Austin to indemnify defendant Bison for all losses that occur while defendant Austin has possession of the leased truck. Cross motion by defendant Austin and defendant Leonard Rinker (Rinker) for an order pursuant to CPLR 3212 directing summary judgment dismissing the first cross claim of Bison against Austin and Rinker contained in its answer dated March 7, 1983.
*805 Defendant Austin leased a truck from defendant Bison through its employee Rinker who used it to deliver explosives to Lancaster Stone Products Corporation (Lancaster). While parked, the dynamite-laden truck exploded causing damages to a vehicle owned by Anthony Krupa. His insurance carrier, Pennsylvania General Insurance Company, commenced the present action as subrogee of Krupa to recover what it paid. A rental agreement between Bison and Austin provided that the customer (Austin) shall indemnify Bison from any and all losses, damages, claims and expenses arising out of the use or possession of the vehicle at the time of the explosion. Bison was insured by the Liberty Mutual Insurance Company (Liberty Mutual) under a basic automobile policy while Austin was insured by Aetna Casualty and Surety Company (Aetna) under a comprehensive general liability policy. Aetna and Austin brought a declaratory judgment action against Liberty Mutual and Bison to determine the respective obligations of the several insurance companies to provide Austin with insurance coverage for claims arising from the explosion of the truck. After a bench trial, the Supreme Court declared, inter alia, that Austin is an additional insured under the Liberty Mutual basic auto policy, that Liberty Mutual has the duty to defend Austin, that the Liberty Mutual primary and excess policies must be exhausted before Aetna is required to indemnify Austin; and that Bison and Liberty Mutual do not have any claim against Austin for indemnification under the rental agreement. The Appellate Division, Fourth Department (Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 325) reversed and on the question of indemnification under Bison’s rental agreement, found that the “claimed right of indemnification may not be considered by the court until the resolution of the underlying actions and the determination of the amount of Bison’s loss, if any.” Since that decision, the present underlying action has been resolved by the full payment of Krupa’s losses by Liberty Mutual, giving rise to the present proceedings.
In support of its motion, Bison contends: (1) that Austin must indemnify Bison under the rental agreement indemnity terms, (2) the fact that the rental agreement provides *806 that the user (Austin) is an insured under the owner’s policy does not affect the validity of the indemnity agreement, and (3) that the cross claim by Bison against Austin is not subrogation against its own insured, but against Aetna’s insured who has provided separate contractual coverage to Austin.
In support of its motion and in opposition to Bison’s, Austin urges: (1) Liberty Mutual may not directly or indirectly seek indemnification from its own insureds, and (2) the indemnify clause is not enforceable under the facts of the present case.
The terms of the rental agreement provided that Bison, as the owner of the truck, would provide insurance coverage to the user (Austin) to protect third persons. At paragraph 6, it states in part: “Customer shall defend, indemnify and hold harmless, Licensee from and against any and all losses, liabilities, damages, injuries, claims, demands, costs, and expenses arising out of the use or possession of the Vehicle including, but not limited to any and all fines, penalties, and forfeitures imposed under any Federal, State, Municipal, or other statute, law, ordinance, rule, regulation, or insurance policy provision, and to the extent not covered by insurance any claims of, or liabilities to third persons arising out of the abandonment, conversion, secretion, concealment or unauthorized sale of the Vehicle by Customer or its drivers, agents or employees, or the confiscation of the Vehicle by any governmental authority for illegal or improper uses of the Vehicle.” (Emphasis added.)
Austin argues (1) the customer (Austin) will indemnify only those claims not specifically covered by insurance, and (2) that the indemnification clause was intended to protect Bison only from liability for such things as parking tickets, confiscation of the vehicle for carrying drugs, impoundment, etc., i.e., from fines or penalities arising out of the use of the vehicle or from the sale or abandonment of the vehicle by the customer (Austin). However, the language immediately preceding “including, but not limited to” compels the conclusion that Austin assumed an obligation to indemnify Bison in the circumstances of the present case. The language immediately after “including, but not limited to” does not limit the preceding language; rather, it *807 imposes an additional obligation (see Amato v Our Lady of Peace R. C. Church, 56 NY2d 999).
The rule that an insurer may not maintain a subrogation action against its own insured, upon which Austin places reliance in this case, is firmly established (see Chrysler Leasing Corp. v Public Administrator, 85 AD2d 410; Beck v Renchan, 46 Misc 2d 252, affd 26 AD2d 990), nor can subrogation be obtained against another insured under the same policy (see Appelman, Insurance Law & Practice, § 4055).
Here, it has already been established that Austin, a lessee of Bison, has protection under the policy provided by Liberty Mutual to Bison as an additional insured for damage claims arising out of the explosion for which Liberty Mutual must provide a defense. Here, also, Lancaster has a claim against Austin for breach of contract which obligates Austin to indemnify it for all damages arising out of Austin’s improper use or handling of the explosives. This contractual claim for indemnification is not subject to the automobile exclusion by the terms of Aetna’s comprehensive general liability policy. Thus, Aetna is required to defend Austin against this claim and to provide insurance coverage for this risk (see Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, supra). The insured in the instant case is protected by two different insurance policies insuring against two different kinds of risks. The cross claim by Bison against Austin for indemnity is, in fact, a claim by Liberty Mutual, the automobile insurer, against Aetna, a contractual liability insurer, i.e., a claim by one insurance carrier against another. Thus, Liberty Mutual is not bringing a subrogation action against its own insured, but against an insured of Aetna; therefore, the rule that an insurer may not maintain a subrogation action against its own insured is inapplicable, here, since the rule speaks only to an insured under the same policy (see Hartford Acc. & Ind. Co. v Michigan Mut. Ins. Co., 61 NY2d 569).
Finally, a vicariously liable defendant is entitled to seek indemnification from the actual wrongdoer, for any damages imposed upon it (Traub v Dingler, 309 NY 395; Mauro v McCrindle, 70 AD2d 77; Prosser, Torts [4th ed], § 51) and the mere fact that the ultimate beneficiary will be an *808 insurance carrier is insufficient to defeat the indemnification claim (Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147).
For all of these reasons, the motion brought by Bison is granted. The cross motion brought by Austin is denied.