■ Richard Allen et al., Respondents, v Pearson Publishing Empire, Ltd., Doing Business as The Absolute Sound, Ltd., Appellant, and H&M Realty, Inc., Defendant and Third-Party Plaintiff-Respondent. HNA Computer Systems, Inc., Third-Party Defendant. [683 NYS2d 100] —In an action to recover

damages for personal injuries, etc., the defendant Pearson Publishing Empire, Ltd., d/b/a The Absolute Sound, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 2, 1997, as denied its motion for summary judgment dismissing the complaint and all cross claims asserted against it and granted that branch of the cross motion of the defendant H&M Realty, Inc., which was for summary judgment dismissing all cross claims asserted against it by the appellant.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion and substituting therefor a provision granting the motion, and the complaint and all cross claims are dismissed insofar as asserted against the appellant; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellant by the plaintiffs-respondents, and the action against the remaining defendant is severed.

On December 29, 1993, the plaintiff Richard Allen was injured when he tripped and fell over an outdoor mat allegedly placed improperly in the doorway of premises owned by the defendant H&M Realty, Inc. (hereinafter H&M), and leased by the third-party defendant HNA Computer Systems, Inc. (hereinafter HNA). HNA's lease expired December 31, 1993, and the lease of the same premises by the appellant Pearson Publishing Empire, Ltd., d/b/a The Absolute Sound, Ltd. (hereinafter Pearson), was to begin on January 1, 1994.

As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see, Millman v Citibank,* 216 AD2d 278). The plaintiff must demonstrate that the defendant created the condition which caused the fall, or that the defendant had actual or constructive notice of the condition (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590). Furthermore, to oppose a motion for summary judgment, a party must submit sufficient evidence in admissible form to demonstrate the existence of triable issues of fact (*see, Zuckerman v City of New York,* 49 NY2d 557).

Pearson demonstrated its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320) by establishing that it did not occupy or control the premises on the day of the accident, and that it was not responsible for the improper placement of the mat in the doorway. The plaintiffs' reliance on hearsay statements (*cf., Schiffren v Kramer,* 225 AD2d 757; *see, Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000) and their failure to submit sufficient competent ev-

idence precludes a finding of triable issues of fact. Therefore, Pearson is entitled to summary judgment dismissing the complaint and all cross claims asserted against it.

The appellant's remaining contention is without merit. Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.