■ Brian Golds et al., Plaintiffs, v Fernando Del Aguila, Doing Business as Kingston General Rental, Respondent, and Herbert Kessman et al., Also Known as Kessman Enterprises, Appellants. [686 NYS2d 908] —Graffeo, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 19, 1998 in Ulster County, which, *inter alia,* granted the motion of defendant Fernando Del Aguila for summary judgment dismissing the complaint and all cross claims against him.

Plaintiffs commenced this personal injury negligence action

based on allegations that plaintiff Brian Golds was injured in July 1993 while walking up the exterior stairs at 432 Albany Avenue in the City of Kingston, Ulster County. According to Golds, one of the steps collapsed, causing him to fall. At the time of the accident, Golds was returning some equipment he had rented from defendant Fernando Del Aguila, who was one of the tenants in the building owned by defendants Herbert Kessman, Ruth Kessman and Stewart Gregory Kessman (hereinafter collectively referred to as the Kessmans).

After issue was joined and discovery was conducted, Del Aguila moved for summary judgment dismissing the complaint and all cross claims against him on the ground that he had no duty to repair the exterior stairs. Supreme Court granted Del Aguila's motion, resulting in this appeal by the Kessmans.

"Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv dismissed and lv denied* 73 NY2d 783). It is undisputed that the exterior stairs where Golds fell were not part of the premises leased by Del Aguila, which consisted of the basement and first floor of the building, and there is no claim that Del Aguila made special use of the exterior stairs. The lease agreement provides that Del Aguila shall be responsible for keeping the sidewalk in front of the demised premises free and clear of snow and ice, rubbish or debris, but it imposes no obligation to make repairs outside the demised premises. Del Aguila testified that he performed cleanup and snow removal outside the building, including the stairs, but he did no exterior repairs. According to Del Aguila, all exterior repairs were done by the Kessmans.

The unsafe condition which allegedly caused Golds' fall consisted of a structural defect in the stairs that resulted in the collapse of one of the steps. The record establishes as a matter of law that Del Aguila did not create the unsafe condition, had no authority to correct it and did not have sufficient possession or control of the exterior stairs to impose liability for the unsafe condition (*see, Masterson v Knox*, 233 AD2d 549; *Turrisi v Ponderosa, Inc.*, 179 AD2d 956). Supreme Court correctly concluded that Del Aguila was entitled to summary judgment. The order should therefore be affirmed.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.