■ RUSSELL MORRISON, Appellant, v ABRAHAM GERLITZKY, Respondent, et al., Defendants. [724 NYS2d 73] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated April 25, 2000, which granted the motion of the defendant Abraham Gerlitzky for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against him. As a general rule, liability for a dangerous condition on real property must be predicated upon a defendant's ownership, occupancy, control, or special use of that property (*see, Golds v Del Aguila,* 259 AD2d 942; *Allen v Pearson Publ. Empire,* 256 AD2d 528; *Millman v Citibank,* 216 AD2d 278). The respondent established that, as a tenant of the building owned by the defendants Benjamin Levitin and Shirley Levitin (hereinafter the Levitins), he used the exterior steps where the alleged accident occurred in common with the Levitins. In addition, he established that he had no contractual obligation to maintain the common areas. In opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law, the plaintiff produced no evidence that the respondent created the alleged dangerous condition or made special use of the exterior steps. Thus, the respondent may not be held liable for failing to correct the alleged dangerous condition (*see, White v Great Atl. & Pac. Tea Co.,* 262 AD2d 636; *Golds v Del Aguila, supra*; *Welwood v Association for Children With Down Syndrome,* 248 AD2d 707; *Millman v Citibank, supra*). Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.