■ HARRY TOMBACK et al., Appellants, v KEW GARDENS ASSOCIATION, LLC, Respondent, QUEENS GARDENS OWNERS, INC., Appellant, et al., Defendant. [736 NYS2d 100] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated July 11, 2001, as granted that branch of the motion of the defendant Kew Gardens Association, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Queens Gardens Owners, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the same motion which was to dismiss its cross claim against the defendant Kew Gardens Association, LLC.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Harry Tomback fell, allegedly as the result of a loose handrail, while walking up the stairs to his second-floor apartment. Except for the interiors of certain apartments owned by the defendant Kew Gardens Association, LLC (hereinafter Kew Gardens), the building was owned and managed by the defendant Queens Gardens Owners, Inc. (hereinafter Queens Gardens). Kew Gardens demonstrated its entitlement to summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320) by establishing that it exercised no ownership, occupancy, control, or special use of the property where the fall took place (*see, Morrison v Gerlitzky,* 282 AD2d 725; *Golds v Del Aguila,* 259 AD2d 942; *Allen v Pearson Publ. Empire,* 256 AD2d 528, 529). The plaintiffs and Queens Gardens failed to oppose the motion with sufficient evidence in admissible form to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Nor did the plaintiffs establish that the building superintendent working for Kew Gardens had apparent authority to represent that it would be responsible for the repair of the loose handrail that was the alleged cause of the fall (*see, Ford v Unity Hosp.,* 32 NY2d 464; *Federal Ins. Co. v Diamond Kamvakis & Co.,* 144 AD2d 42; *Zigabarra v Falk,* 143 AD2d 901). Accordingly, the Supreme Court properly granted the motion of Kew Gardens for, inter alia, summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Smith, Crane and Cozier, JJ., concur.