■ LILLIAN V. INDENCE, Appellant, v 225 UNION AVENUE CORP. et al., Respondents. [831 NYS2d 489]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered November 28, 2005, as granted the respective branches of the motions of the defendant Maiorino Pharmacy & Surgical, Inc., doing business as Holbrook Pharmacy and Surgical, and the defendants 225 Union Avenue Corp. and Lennard Axinn Company, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants 225 Union Avenue Corp. and Lennard Axinn Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Maiorino Pharmacy & Surgical, Inc., doing business as Holbrook Pharmacy and Surgical, and one bill of costs payable by the defendants 225 Union Avenue Corp. and Lennard Axinn Company, Inc., to the plaintiff.

The plaintiff reached for a handrail to her left to descend four steps located outside a building, which was owned by the defendant 225 Union Avenue Corp. and managed by the defendant Lennard Axinn Company, Inc. (hereinafter collectively referred to as the defendant owner). As she held onto the handrail and attempted to descend the steps, the handrail allegedly moved, causing her to lose her balance and fall to the ground. According to the co-owner of the defendant Maiorino Pharmacy & Surgical, Inc., doing business as Holbrook Pharmacy and Surgical (hereinafter Pharmacy), which leased the abutting premises, for at least a month before the accident, when he grabbed the handrail, it was "wobbly."

In premises liability cases alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have been corrected (*see Solomon v Loszynski*, 21 AD3d 366 [2005]; *McKeon v Town of Oyster Bay*, 292 AD2d 574 [2002]; *Abrams v Powerhouse Gym Merrick*, 284 AD2d 487 [2001]). The defendant owner failed to submit evidence sufficient to establish, prima facie, its entitlement to judgment as a matter of law, since there exists an issue of fact as to whether the defendant owner had constructive notice of the alleged defective condition of the handrail which allegedly proximately caused the plaintiff to fall (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Putnam v Stout*, 38 NY2d 607, 612 [1976]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Pharmacy established its entitlement to judgment as a matter of law by demonstrating that it did not own, occupy, control, or make special use of the area where the plaintiff fell (*see Hindin v Maffei*, 251 AD2d 545 [1998]; *Turrisi v Ponderosa, Inc.*, 179 AD2d 956 [1992]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.