■ MARIETTA QUARLESS, Respondent, v ALLEGRA FRENCH DENGLER, Respondent, and JESSIE J. HALL, Doing Business as HOUSE OF STYLES, Appellant. [851 NYS2d 620]—

In an action to recover damages for personal injuries, the defendant Jessie J. Hall, doing business as House of Styles, appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 17, 2006, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted.

The plaintiff allegedly was injured while descending exterior steps located outside a building owned by the defendant Allegra French Dengler. The appellant leased the ground floor of the building.

Contrary to the Supreme Court's determination, the appellant established his entitlement to judgment as a matter of law by demonstrating that he did not own, occupy, control, or make special use of the area where the plaintiff fell (*see Indence v 225 Union Ave. Corp.*, 38 AD3d 494 [2007]). In opposition, the respondents failed to raise a triable issue of fact. The respondents produced no evidence that the appellant made special use of the exterior steps or had a contractual obligation to repair the alleged structural defect (*see Golds v Del Aguila*, 259 AD2d 942 [1999]). Thus, the appellant may not be held liable for failing to correct the alleged dangerous condition (*see Morrison v Gerlitzky*, 282 AD2d 725 [2001]), and was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.