■ EVELYN BAILEY, Plaintiff, v MACY'S EAST, INC., et al., Defendants Third-Party Plaintiffs-Appellants. BIRGER CHRISTENSEN, Doing Business as BC INTERNATIONAL GROUP, INC., Third-Party Defendant-Respondent. [913 NYS2d 105]—

In an action to recover damages for personal injuries, and a third-party action for a judgment declaring, inter alia, that the third-party defendant is obligated to defend and indemnify the defendants/third-party plaintiffs in the main action, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 27, 2009, as denied that branch of their motion which was for summary judgment declaring that the third-party defendant is obligated to defend and indemnify them in the main action, and granted the third-party defendant's cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion for summary judgment is denied, that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment declaring that the third-party defendant is obligated to defend and indemnify them in the main action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the third-party defendant is so obligated.

The third-party defendant, Birger Christensen, doing business as BC International Group, Inc. (hereinafter BCI), entered into a "Department License Agreement" with the defendants/third-party plaintiffs Macy's East, Inc., and Federated Department Stores, Inc. (hereinafter together Macy's), to operate a fur sales department within certain Macy's stores, including its store located at the Smith Haven Mall. Subsequently, the plaintiff, a BCI employee, allegedly was injured when she fell on a walkway leading from the employees' entrance of the Macy's store to the parking lot of the Smith Haven Mall. The plaintiff commenced this personal injury action against Macy's, and Macy's, in turn, commenced a third-party action against BCI. In the order appealed from, the Supreme Court, inter alia, denied that branch of Macy's motion which was for summary judgment declaring that BCI was obligated to defend and indemnify it in the main action, and granted BCI's cross motion for summary judgment. We reverse the order insofar as appealed from.

Macy's established its prima facie entitlement to judgment as a matter of law declaring that BCI is obligated to defend and indemnify it in the main action by submitting a copy of the parties' license agreement and excerpts from the plaintiff's deposition testimony. Section 8.1 of the license agreement specifically requires BCI to indemnify Macy's from "any claims . . . arising or resulting from . . . injury to any of [BCI's] representatives." In addition, section 8.2 requires BCI to defend Macy's, upon request, in "any action or proceeding as to which [Macy's] is entitled to indemnification from [BCI]." Moreover, although the plaintiff testified that she was injured as she was leaving work, her job necessarily required her to use the walkway outside of the employees' entrance to reach and leave her workplace. Thus, contrary to BCI's contention, the underlying claim arose as a result of the operation of the fur sales department (*see O'Connor v Serge El. Co.*, 58 NY2d 655 [1982]; *Amato v Our Lady of Peace R.C. Church*, 56 NY2d 999 [1982]; *Daily News v OCS Sec.*, 280 AD2d 576, 577 [2001]).

In opposition to Macy's prima facie showing, BCI failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have denied BCI's cross motion for summary judgment and granted that branch of Macy's motion which was for summary judgment declaring that BCI is obligated to defend and indemnify it in the main action.

BCI's remaining contentions are without merit.

Since the third-party action seeks declaratory relief, the matter must be remitted to the Supreme Court, Suffolk County, for

the entry of a judgment declaring that BCI is obligated to defend and indemnify Macy's in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334[1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.