In two related actions to recover damages for personal injuries, etc., (1) Briarcliff Congregational Church appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J), entered June 8, 2011, as denied those branches of its motion which were for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it, and for summary judgment on its claim for contractual indemnification against the defendant Christian Nursery School, Inc., and, in effect, granted that branch of the motion of the defendants Joanne T. Borchers, doing business as Christian Nursery School, and Christian Nursery School, Inc., which was for summary judgment dismissing the claim of Briarcliff Congregational Church for contractual indemnification against the defendant Christian Nursery School, Inc., and (2) Christian Nursery School, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion, made jointly with the defendant Joanne T. Borchers, doing business as Christian Nursery School, which was for summary judgment dismissing the complaint in action No. 2.
Ordered that the notice of cross appeal is deemed to be by Christian Nursery School, Inc. (see Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,
Ordered that the order is reversed insofar as reviewed, on the law, those branches of the motion of Briarcliff Congregational Church which were for summary judgment dismissing the *800 complaint in action No. 1 insofar as asserted against it, and for summary judgment on its claim for contractual indemnification against the defendant Christian Nursery School, Inc., are granted, that branch of the cross motion of the defendant Christian Nursery School, Inc., made jointly with the defendant Joanne T. Borchers, doing business as Christian Nursery School, which was for summary judgment dismissing the claim of Briarcliff Congregational Church for contractual indemnification against the defendant Christian Nursery School, Inc., is denied, and that branch of the cross motion of the defendant Christian Nursery School, Inc., made jointly with the defendant Joanne T. Borchers, doing business as Christian Nursery School, which was for summary judgment dismissing the complaint in action No. 2 is granted; and it is further,
Ordered that one bill of costs is awarded to Briarcliff Congregational Church payable by the plaintiffs and Christian Nursery School, Inc., and one bill of costs is awarded to Christian Nursery School, Inc., payable by the plaintiffs.
The plaintiff Bridget DeCourcey (hereinafter the injured plaintiff) was injured when she fell on a stairway located on property owned by the defendant Briarcliff Congregational Church (hereinafter the Church), while she was trying to get to a part of the Church’s property that had been leased to the defendant Christian Nursery School, Inc. (hereinafter the Nursery School). The injured plaintiff, and her husband suing derivatively, commenced action No. 1 against the Church and Joanne T. Borchers, doing business as Christian Nursery School. Upon ascertaining that the Nursery School, not Borchers, leased the subject premises, the injured plaintiff commenced a second action solely against the Nursery School. The Church moved for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it, and on its claim for contractual indemnification against the Nursery School. Borchers and the Nursery School cross-moved for summary judgment dismissing both complaints insofar as asserted against each of them and the Church’s claims for contractual indemnification. The Supreme Court denied the motion and that branch of the cross motion which was to dismiss the complaint in action No. 2, granted that branch of the cross motion which was to dismiss the complaint in action No. 1 and the Church’s claims for contractual indemnification insofar as asserted against Borchers, and, in effect, granted that branch of the cross motion which was to dismiss the Church’s claims for contractual indemnification insofar as asserted against the Nursery School.
The Supreme Court should have granted that branch of the *801 Church’s motion which was for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it. Contrary to the Supreme Court’s determination, the Church established its prima facie entitlement to judgment as a matter of law by demonstrating that various provisions of the New York State Building and Construction Code and the New York State Uniform Fire Prevention and Building Code upon which the plaintiff relied were inapplicable, that the subject stairway and door complied with all applicable code provisions, and that the subject stairway was not defective. In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). They failed to demonstrate that the various code provisions upon which they relied were in effect at the time the subject structure was built, or that the structure underwent significant repairs or adjustments which would bring it under the coverage of these provisions (see Ryan v KRT Prop. Holdings, LLC, 45 AD3d 663, 665 [2007]; Meehan v David J. Hodder & Son, Inc., 13 AD3d 593, 594 [2004]; Hyman v Queens County Bancorp, 307 AD2d 984, 986 [2003]). Additionally, while the absence of a violation of a specific code or ordinance “is not dispositive of [a] plaintiffs allegations based on common-law negligence principles” (Zebzda v Hudson St. LLC, 72 AD3d 679, 680-681 [2010]), here, even assuming the existence of a dangerous condition, such condition was open and obvious and not inherently dangerous (see Schwartz v Hersh, 50 AD3d 1011, 1011-1012 [2008]; see also Capozzi v Huhne, 14 AD3d 474 [2005]).
The Supreme Court also should have granted that branch of the cross motion of Borchers and the Nursery School which was for summary judgment dismissing the complaint in action No. 2. “Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property” (Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710 [2012]; see Bennett v Weber Job Lot Corp., 93 AD3d 684 [2012]; Morrison v Gerlitzky, 282 AD2d 725, 725 [2001]; Millman v Citibank, 216 AD2d 278, 278 [1995]). Here, the Nursery School established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no exclusive right to possession of the exterior stairway, which it was merely permitted to use in common with the Church, and that it had no contractual obligation to perform repairs to the stairway (see Bennett v Weber Job Lot Corp., 93 AD3d 684 [2012]; Quarless v Dengler, 48 AD3d 438, 439 [2008]; Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]). Moreover, the plaintiffs did not allege that the Nursery School created the condition which allegedly *802 caused the injured plaintiff’s accident, or that the Nursery-School made special use of the stairway (see Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court should have granted that branch of the Church’s motion which was for summary judgment on its claim for contractual indemnification against the Nursery School, and denied that branch of the cross motion which was for summary judgment dismissing that claim. The subject accident falls within the scope of the indemnification provision contained in the lease between the Church and the Nursery School as the subject accident was “a thing growing out of the occupation of the demised premises” (see Amato v Our Lady of Peace R. C. Church, 56 NY2d 999, 1000-1001 [1982]; Bailey v Macy’s E., Inc., 78 AD3d 624, 625 [2010]). Moreover, under the circumstances presented here, the subject indemnification provision does not violate General Obligations Law § 5-321, since the accident was not caused by any negligence on the part of the Church (see Correa v 100 W. 32nd St. Realty Corp., 290 AD2d 306, 306 [2002]; Eccleston v Berakha, 233 AD2d 417 [1996]; see also Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179-181 [1990]; Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr., 23 AD3d 508 [2005]). Skelos, J.E, Dickerson, Leventhal and Roman, JJ., concur.