■ Aura L. Melendez, Appellant, v Kawasaki Rail Car, Inc., et al., Respondents. [973 NYS2d 736]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 16, 2012, as granted those branches of the separate motions of the defendants Kawasaki Rail Car, Inc., and Hudson View Associates, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Kawasaki Rail Car, Inc., and Hudson View Associates, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

During a period of ongoing precipitation, the plaintiff allegedly sustained personal injuries when she slipped and fell in an

internal stairway area leading to the offices of the defendant Kawasaki Rail Car, Inc. (hereinafter Kawasaki), which Kawasaki leased from the building's owner, the defendant Hudson View Associates, LLC (hereinafter Hudson). Hudson was obligated under the lease to maintain the internal stairway at issue.

Contrary to the Supreme Court's determination, Kawasaki failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to submit evidence sufficient to demonstrate that it did not occupy or control the stairway area where the plaintiff fell. Kawasaki's submissions demonstrated that Kawasaki used the stairway to the exclusion of all other tenants via key card access and that there was a sign stating that the stairway was for Kawasaki's use only (cf. *Quarless v Dengler*, 48 AD3d 438, 439 [2008]; *Indence v 225 Union Ave. Corp.*, 38 AD3d 494, 495 [2007]).

The Supreme Court also should not have granted that branch of Hudson's motion which was for summary judgment dismissing the complaint insofar as asserted against it. " 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598 [2008], quoting *Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]). On the issue of constructive notice, Hudson failed to establish its prima facie entitlement to judgment as a matter of law (*see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]). Under these circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contention need not be reached in light of our determination. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.