In an action to recover damages for personal injuries, the defendants Mack-Cali Realty Corporation and Cali CW Realty Associates, L.E, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered July 19, 2012, as denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them and on so much of their first cross claim as sought contractual indemnification from the defendant Westchester County Electric, Inc., for any liability that they may incur in this action, and the defendant Westchester County Electric, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
*738 Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendants Mack-Cali Realty Corporation and Cali CW Realty Associates, L.P., which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting that branch of the cross motion, (2) by deleting the provision thereof denying that branch of the cross motion of those defendants which was for summary judgment on so much of their first cross claim as sought contractual indemnification from the defendant Westchester County Electric, Inc., for any liability that they may incur in this action, and substituting therefor a provision denying that branch of the cross motion as academic, and (3) by deleting the provision thereof denying the motion of the defendant Westchester County Electric, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant Westchester County Electric, Inc., payable by the plaintiff, and one bill of costs is awarded to the defendants Mack-Cali Realty Corporation and Cali CW Realty Associates, L.E, payable by the plaintiff and the defendant Westchester County Electric, Inc.
The plaintiff, an employee of United Parcel Service, allegedly was injured when he stepped onto a rubber bumper that was attached to a loading dock on certain premises, and the bumper detached from the wall. The premises were owned by the defendants Mack-Cali Realty Corporation and Cali CW Realty Associates, L.E (hereinafter together the Mack-Cali defendants), and portions of the premises were leased by the defendant Westchester County Electric, Inc. (hereinafter Westchester). At the time of the accident, the plaintiff was making a delivery to Westchester.
Westchester moved for summary judgment dismissing the complaint insofar as asserted against it, and the Mack-Cali defendants cross-moved, inter alla, for summary judgment dismissing the complaint insofar as asserted against them and on so much of their first cross claim as sought contractual indemnification from Westchester for any liability that they may incur in this action. The Supreme Court denied the motion and those branches of the cross motion.
Westchester demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. “Generally, liability for a dangerous condition *739 on real property must be predicated upon ownership, occupancy, control, or special use of the property” (DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801 [2013], quoting Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710 [2012]; see Bennett v Weber Job Lot Corp., 93 AD3d 684 [2012]; Quarless v Dengler, 48 AD3d 438 [2008]; Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]). Westchester established, prima facie, that it had no exclusive right to use the loading dock, but was merely permitted to use that area in common with other tenants, and that it had no contractual obligation to repair or maintain the loading dock (see DeCourcey v Briarcliff Cong. Church, 104 AD3d at 800; Russo v Frankels Garden City Realty Co., 93 AD3d at 710; Bennett v Weber Job Lot Corp., 93 AD3d 684 [2012]; Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]). Further, Westchester established, prima facie, that it did not make special use of the loading dock, or create the alleged defect (see DeCourcey v Briarcliff Cong. Church, 104 AD3d at 800; Morrison v Gerlitzky, 282 AD2d 725 [2001]; Millman v Citibank, 216 AD2d 278 [1995]). The plaintiff’s untimely opposition to Westchester’s motion should not have been considered, since the plaintiff failed to offer a valid excuse for his late submission, and Westchester was prejudiced by the court’s denial of its motion for an adjournment to file reply papers (see Mosheyeva v Distefano, 288 AD2d 448 [2001]; Risucci v Zeal Mgt. Corp., 258 AD2d 512 [1999]).
The Mack-Cali defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of it (see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837, 838-839 [2005]; Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Nesterenko v Starrett City Assoc., L.P., 111 AD3d 806 [2013]; Muniz v New York City Hous. Auth., 38 AD3d 628 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In light of our determination of that branch of the Mack-Cali defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, that branch of their cross motion which was for summary judgment on so much of their first cross claim as sought contractual indemnification from Westchester for any liability they may incur in this action has been rendered academic.
Accordingly, the Supreme Court should have granted West- *740 Chester’s motion for summary judgment dismissing the complaint insofar as asserted against it, should have granted that branch of the Mack-Cali defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and should have denied, as academic, that branch of their cross motion which was for summary judgment on so much of their first cross claim as sought contractual indemnification from Westchester for any liability that they may incur in this action. Skelos, J.E, Leventhal, Lott and Cohen, JJ., concur.