Arshinov v Gr 10-40, LLC (2019 NY Slip Op 07560)





Arshinov v Gr 10-40, LLC


2019 NY Slip Op 07560


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-00126
 (Index No. 508362/14)

[*1]Inna Arshinov, appellant, 
v
GR 10-40, LLC, defendant, Alla Gonchar Medical, P.C., respondent.


Krause & Associates, P.C., New York, NY (Leonid Krimsky of counsel), for appellant.
James J. Toomey, New York, NY (Jason Meneses of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 19, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Alla Gonchar Medical, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she fell on a stairway located outside of the entrance to a pediatrician's office operated by the defendant Alla Gonchar Medical, P.C. (hereinafter the defendant). The office was located in a residential apartment building. The plaintiff commenced this personal injury action against the defendant and another defendant. The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
" As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913, quoting Franks v G & H Real Estate Holding Corp., 16 AD3d 619, 620; see Basso v Miller, 40 NY2d 233, 241; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). Therefore, a tenant's common-law duty to maintain premises in a reasonably safe condition is limited to those areas which it occupies and controls, or makes a special use (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 11; Milewski v Washington Mut., Inc., 88 AD3d 853).
Here, the defendant established, prima facie, that it had no contractual obligation to maintain and repair the subject stairway (see Hernandez v Dunkin Brands Acquisition, Inc., 136 AD3d 980, 980; Hahn v Wilhelm, 54 AD3d 896, 899). In support of its motion, the defendant submitted, inter alia, the lease between it, as the tenant, and the owner of the building. The lease provided that the defendant leased apartment 1G and that the owner was responsible for maintaining the exterior and structural portions of the building in good working order. The defendant further [*2]established, prima facie, that it did not own, occupy, control, or make special use of the area where the plaintiff fell (see Quarless v Dengler, 48 AD3d 438, 439; Indence v 225 Union Ave. Corp., 38 AD3d 494, 495). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court